# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN  DIVISION

LAURIENCE LACEY,                          )
                                          )
                    Plaintiff,            )
v.                                        )          No.07-0427-CV-W-FJG
                                          )
VILLAGE GREEN APARTMENTS, et al.   )
                                          )
                    Defendants.           )

## ORDER

Pending before the court are motions to dismiss from the Housing Authority of Kansas City,

Missouri (HAKC) (Doc. No. 7), and Cohen-Esrey Real Estate Services (Doc. No. 9).  Both

defendants seek dismissal under Federal Rule of Civil Procedure 12.  Village Green Apartments

have not yet been served in this matter, although the summons has thrice issued.

As a threshold matter, this court has jurisdiction under 28 U.S.C. § 1331, because plaintiff

alleges violation of federal statutes.  Further, to the extent plaintiff asserts state law claims, this court

exercises supplemental jurisdiction under 28 U.S.C. § 1367.

Rule 12(b)(6) is dispositive in this case.  "In assessing a motion under Rule12(b)(6), a court

should afford a *pro se* complaint a liberal construction and should not dismiss the complaint unless

it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim which would

entitle him to relief."  *Holloway v. Lockhart*, 792 F.2d 760, 761 (8th Cir. 1986) (internal citations

and quotation marks omitted).  "Dismissal is appropriate as a practical matter . . . only in the unusual

case in which a plaintiff includes allegations that show on the face of the complaint that there is

some insuperable bar to relief."  *Ring v. First State Mortgage, Inc.*, 984 F.2d 924, 926 (8th Cir.

1993) (internal quotation marks and citation omitted).

In the present complaint, plaintiff asserts each defendant violated fair housing acts and that Cohen-Esrey and Village Green Apartments violated lead-based paint laws. Plaintiff further alleges that the violations occurred in 2001 and 2002, and are not continuing violations. Plaintiff's federal claims fall under the Fair Housing Act (FHA), 42 U.S.C. § 3601, *et seq.*, the Residential Lead-Based Paint Hazard Reduction Act (RLBPHRA), 42 U.S.C. § 4851, *et seq.*, or the Lead-Based Paint Poisoning Prevention Act (LBPPPA), 42 U.S.C. §§ 4821-46. Although it is unclear whether plaintiff also is asserting state-law claims, such claims are not germane to the court's present determination.

First, regarding plaintiff's FHA claims,

Congress has expressly provided a private right of action in this statute:

> An aggrieved person may commence a civil action in an appropriate United States district court or State court not later than 2 years after the occurrence or termination of an alleged discriminatory housing practice . . . to obtain appropriate relief with respect to such discriminatory housing practice . . . .

42 U.S.C. § 3613(a)(1)(A). *Aggrieved person* is defined to include any person who "claims to have been injured by a discriminatory housing practice." 42 U.S.C. § 3602(i). A *discriminatory housing practice* is "an act that is unlawful under section 3604, 3605, 3606, or 3617 of this title." 42 U.S.C. § 3602(f).

*Ring v. First State Mortgage, Inc.*, 984 F.2d 924, 927 (8th Cir. 1993) (alteration in original).

The face of plaintiff's complaint, which was filed in 2007, shows that the alleged violations occurred in 2001 and 2002, and are not continuing. Consequently, plaintiff's claims under the FHA are barred by the applicable two-year limitations period. 42 U.S.C. § 3613; *see Havens Realty Corp. v. Coleman*, 455 U.S. 363, 380-81 (1982) (discussing separate FHA section but finding final violation may bring claim within the statute of limitation). Therefore, plaintiff's claims under the FHA, as they concern HAKC and Cohen-Esrey, are dismissed with prejudice. Further, because

-2-

plaintiff's sole claim against HAKC asserts violation of the FHA, HAKC is dismissed with prejudice from this case.

Second, plaintiff asserts claims regarding lead-based paint against Cohen-Esrey under RLBPHRA or LBPPPA.[1]  The federal statute of limitations for "a civil action arising under an Act of Congress enacted after the date of the enactment of . . . [28 U.S.C. § 1658 is] 4 years after the cause of action accrues."  28 U.S.C. § 1658.  RLBPHRA was enacted in 1992.  Additionally, although enacted in the 1970's, LBPPPA, in part pertinent to the present case, requires governmental entities,[2] beginning on January 1, 1995, to "provide for appropriate measures to conduct risk assessments, inspections, interim controls, and abatement of lead-based paint hazards."  42 U.S.C. § 4822(a)(1).

Because § 1658 was enacted in 1990, it governs plaintiff's claims which are based on congressional acts taken in 1992 and 1995.  *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 379-81 (2004) (finding congressional acts amending existing statutes are governed by § 1658). Therefore, plaintiff's federal claims against the Cohen-Esrey are barred by the applicable statute of limitations and dismissed with prejudice under Rule 12(b)(6), and Cohen-Esrey is dismissed with prejudice from this case.

---

[1]

Although it is not necessary to the court's determination, both HAKC and Cohen-Esrey assert that plaintiff does not possess a right of action under RLBPHRA or LBPPPA.  The U.S. Circuit Courts of Appeal are split in this regard.  *See Johnson v. City of Detroit*, 446 F.3d 614 (6th Cir. 2006); *Cudjoe v. Dep't of Veterans Affairs*, 426 F.3d 241 (3d Cir. 2005); *Mason v. Morrisette*, 403 F.3d 28 (1st Cir. 2005); *Shade v. Hous. Auth. of New Haven*, 251 F.3d 307 (2d Cir. 2001); *Davis v. Philadelphia Hous. Auth.*, 121 F.3d 92 (3d Cir. 1997).

[2]

Because plaintiff's complaint shows an insuperable bar to relief, discussion of governmental entity status is neither necessary nor appropriate here.

Case 4:07-cv-00427-FJG   Document 18   Filed 10/15/07   Page 3 of 4

Finally, having dismissed all federal claims, the court declines to extend supplemental jurisdiction to plaintiff's state law claims against HAKC and Cohen-Esrey, if any, and such state law claims are dismissed without prejudice. *See Quinn v. Ocwen Fed. Bank FSB*, 470 F.3d 1240, 1248-49 (8th Cir 2006) (discussing exercise of supplemental jurisdiction).

Consequently, (1) plaintiff's federal claims against the HAKC, pursuant to its motion (Doc. No. 7) are dismissed with prejudice under Federal Rule of Civil Procedure 12(b)(6), and HAKC is dismissed from this case; (2) plaintiff's federal claims against Cohen-Esrey, pursuant to its motion (Doc. No. 9) are dismissed with prejudice under Federal Rule of Civil Procedure 12(b)(6), and Cohen-Esry is dismissed from this case; (3) the court declines to extend supplemental jurisdiction to plaintiff's state law claims against HAKC and Cohen-Esrey, if any, and such state law claims are dismissed without prejudice; and (4) the Clerk of the Court shall mail a copy of this Order to Laurience Lacey, 3735 Highland, Kansas City, Missouri 64109, both by first class mail and certified mail, return receipt requested.

**IT IS SO ORDERED.**

Date:___10/15/07_____               **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                Fernando J. Gaitan, Jr.
                                     Chief United States District Judge